## NATIONAL LABOR RELATIONS BOARD

v.

## VOLNEY FELT MILLS, Inc.
No. 11982.

United States Court of Appeals, Sixth Circuit.

Feb. 23, 1954.

Bernard Dunau, Washington, D. C., George J. Bott, David P. Findling A. Norman Somers, Bernard Dunau, H. Herrick, Washington, D. C., on the brief, for petitioner.

Samuel Lang, New Orleans, La., Kullman & Lang, New Orleans, La., on the brief, for respondent.

Before SIMONS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

PER CURIAM.

The respondent assails the validity of an order of the Board directing it to bargain with a union of its employees and for other remedial measures on the ground that a consent election agreement entered into by the respondent was obtained by fraud, that the Regional Director's decisions upon challenged ballots were arbitrary and capricious, that the certification of the union as bargaining agent was not in conformity with the policies of the Board and the requirements of the Labor Act, 29 U.S.C.A. § 141 et seq., and because the respondent was not granted a hearing upon the record of the investigation of the challenges.

We have carefully reviewed the evidence presented by the respondent and given consideration to its brief and oral argument. There is no proof of fraud in obtaining from the respondent the execution of the agreement consenting to the holding of an election by its employees. Fraud will not lightly be inferred and in its absence or in the absence of such gross mistakes as would necessarily imply bad faith or a failure to exercise an honest judgment, a government contract committing final decision to an administrative officer with the right of appeal to the head of an agency may not be set aside or repudiated, United States v. Wunderlich, 342 U.S. 98, 72 S.Ct. 154, 96 L.Ed. 113; United States v. Moorman, 338 U.S. 457, 70 S.Ct. 288, 94 L.Ed. 256.

The rulings of the Regional Director were not arbitrary or capricious since they were based upon reasonable grounds, including family relationship of challenged voters to supervisory employees, one of such supervisory employees being the general superintendent of the respondent, and it is to be noted that unless there was infirmity in each of the challenges the union would still have prevailed and a mistake of honest judgment does not constitute an arbitrary or capricious decision.

It is clear that the right to a hearing conferred by the Act may be waived, National Labor Relations Board v. Standard Transformer Company, 6 Cir., 202 F.2d 846, 849. The difficulties perceived in prior cases, in determining whether the hearing had been waived, is not here encountered for the right to a hearing was specifically waived by the consent election agreement executed by the parties herein.

The decree may be presented for the enforcement of the Board's order.