In the Matter of NEW YORK STATE LABOR RELATIONS BOARD, Petitioner, against POST PHARMACY, INC., Respondent.

Supreme Court, Special Term, Queens County, May 12, 1955.

*Philip Feldblum, Paul F. Reilly* and *Louis F. Crisano* for petitioner.

*Herbert G. Bantz* for respondent.

COLDEN, J. Application by the New York State Labor Relations Board, pursuant to section 707 of the Labor Law (New York State Labor Relations Act), for enforcement of an order made by said board pursuant to section 706 of said act. The board's order directed the respondent to bargain collectively with Retail Drug Employees Union, Local 1199, C. I. O., hereinafter called the Union.

The order which the board here seeks to enforce derives from two related proceedings before the board. The first, a representation proceeding under section 705 of the act, resulted in the certification of the Union as the bargaining representative. The second, an unfair labor practice proceeding under sections 704

and 706 of the act, followed when respondent refused to recognize and negotiate with the Union as the certified representative.

The sole issue between the parties hereto concerns the correctness of the board's certification of the Union as the bargaining representative which, being an interlocutory determination, can be reviewed only in connection with the review of the unfair labor practice proceeding. (*Matter of Wallach* v. *Boland,* 277 N. Y. 345.)

The facts are not in dispute. Respondent is a domestic corporation which owns and operates a retail drugstore at Flushing, Queens County, New York. In January, 1954, the board held hearings on a representation petition concerning respondent's pharmacists. At the time of the hearing respondent employed three pharmacists, to wit, Joseph Keller, president, director, sole stockholder and active business manager of the respondent corporation; Herbert Weinberg, the brother-in-law of Joseph Keller and the brother of Gertrude W. Keller who was secretary-treasurer and a director of the respondent corporation; and Lawrence Rohr, a member of the Union. The board decided that Rohr was the only employee eligible to vote in the election to select a bargaining representative. In the subsequent election Rohr voted in favor of representation by the Union and the board thereupon certified the Union as the bargaining representative.

Respondent does not question the exclusion of Joseph Keller from the election, but contends that the exclusion of Weinberg, solely because of his relationship to the management of the corporation, was illegal.

Subdivision 2 of section 705 of the Labor Law provides, in part, as follows: " The board shall decide in each case whether, in order to insure to employees the full benefit of their right to self-organization, to collective bargaining and otherwise to effectuate the policies of this article, the unit appropriate for the purposes of collective bargaining shall be the employer unit, multiple employer unit, craft unit, plant unit, or any other unit; provided, however ". This section, however, throws no light on the problem at hand. Undoubtedly, the words " or any other unit " refer to categories of permissible classification, not to the exclusion of specific employees. (Cf. *Metropolitan Life Ins. Co.* v. *New York State Labor Relations Bd.,* 280 N. Y. 194–206.)

Subdivision 3 of section 701 of the Labor Law, defining the term " ' employees ' " provides that it " shall not include any individual employed by his parent or spouse ". Again, this does not solve the problem. Apart from the fact that a corporation does not have a parent or spouse and regarding Joseph

Keller as the employer, the fact that Weinberg is Keller's brother-in-law, and not his son, merely brings him within the definition of employee. If he were Keller's son he would not even be regarded as an employee for the purposes of this act. His status as an employee, however, does not determine the question of whether he should be included in a specific unit appropriate for collective bargaining purposes.

In determining the appropriate unit the statute (Labor Law, § 705, subd. 2) directs the board to "decide in each case * * * to insure to employees the full benefit of their right to self-organization, to collective bargaining and otherwise to effectuate the policies of this article".

As the board argues, quite cogently, relatives of small family-owned enterprises have interests usually more closely identified with management than with their fellow employees. Ordinarily they are in a position to deal directly with their employer on a personal and more favorable basis than the other employees. The decision to place them in a separate unit or to exclude them from the unit representing employees not related to the management cannot be said to be arbitrary.

From 1935 to 1953, the National Labor Relations Board excluded close relatives of management from units of ordinary employees, and this policy was upheld by the Federal courts. (*National Labor Relations Bd.* v. *Volney Felt Mills,* 210 F. 2d 559.) That the National Board has now departed from this policy does not make it arbitrary for the State Board to continue to adhere to it.

The application is granted. Submit order.