**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HOOD CORPORATION and Contractors' Equipment Supply Company, dba Cesco, Respondent.**

**No. 19723.**

United States Court of Appeals
Ninth Circuit.

May 24, 1965.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Nancy M. Sherman, Elliott C. Lichtman, Sol Hirsh, Attys., N.L.R.B., Washington, D. C., for petitioner.

Eli A. Weston, Weston & Weston, Boise, Idaho, for respondent.

Before HAMLIN, BROWNING and DUNIWAY, Circuit Judges.

HAMLIN, Circuit Judge.

Respondent, Hood Corporation, et al., (hereinafter referred to as Company), is engaged in the business of constructing gas pipelines in Idaho, Montana, and North Dakota. On March 22, 1963, the International Union of Operating Engineers, Local 370, AFL–CIO (hereinafter referred to as the Union) and the Respondent entered into a Consent Election Agreement in the usual form. The agreement was approved by the Regional Director of the National Labor Relations Board on March 27, 1963, and provided in pertinent part:

"Said election shall be held in accordance with the National Labor Relations Act, the Board's Rules and Regulations, and the applicable procedures and policies of the Board, provided that the determination of the Regional Director *shall be final* and binding upon *any question*, including questions as to the eligibility of voters, raised by any party hereto relating in any manner to the election * * *."

Pursuant to this agreement an election was held during the beginning of April of 1963 in which six ballots were cast for and five against the Union, with four ballots being challenged by the Union. Thereupon, the Regional Director conducted an investigation to determine whether the individuals who cast the challenged ballots were eligible to vote. On May 1, the Regional Director overruled two challenges and directed that these ballots be opened and counted. However, the Regional Director sustained the remaining two challenges, producing a revised tally of seven votes for the Union and six votes against. On May 7, the Regional Director certified the Union as the exclusive bargaining representative of the employees in the unit. Thereafter, the Respondent forwarded exceptions to the Regional Director's rulings on the challenged ballots to the National Labor Relations Board. On May 20, 1963, the Board ruled that in view of the agreement to leave all matters to the final determination of the Regional Director, the Board would refuse to entertain an appeal from the Regional Director's action and would not consider the exceptions. Subsequently, when Respondent refused to bargain with the Union, and after charges were filed by the Union, a complaint was issued by the General Counsel of the National Labor Relations Board alleging that Respondent's refusal to bargain with the Union constituted a violation of §§ 8(a) (1) and (5) of the National Labor Relations Act, as amended 29 U.S.C. § 151, et seq. The matter came on for hearing before the Trial Examiner on October 11, 1963. At the hearing, counsel for Respondent offered to prove the allegation contained in his answer to the complaint that prior to the balloting an oral accord or agreement was reached between the Respondent and the Union, with the approval of the field representative of the Regional Director, that all fifteen employees in the bargaining unit would be permitted to vote without challenge. The Trial Examiner rejected Respondent's offer of proof and found that the Respondent was guilty of the violations alleged in the complaint. On review, the Board affirmed the rulings of the Trial Examiner and ordered Respondent to cease and desist from the unfair labor practices found, to bargain with the Union upon request, and to post the appropriate notices.

The case is presently before this court upon petition of the National Labor Relations Board, pursuant to section 10(e) of the National Labor Relations Act, as amended, 29 U.S.C. § 151, et seq., for en-

forcement of its order issued against Respondent on June 4, 1964.

The sole issue before this court is what effect, if any, should be given the pre-election agreement or accord in which the Respondent and the Union allegedly agreed not to challenge any voters whose names were on the eligibility lists.

Respondent contends that the oral accord or agreement precluded the consideration by the Regional Director of the Union's challenges to the four ballots. The Board held that absent a showing by Respondent that the Regional Director had acted arbitrarily or capriciously, the Respondent was bound by the consent election agreement in which the parties had accepted the voter eligibility determinations of the Regional Director as final and binding.

■■■ It is well settled that where a consent agreement is entered into providing that the determinations of the Regional Director on any question shall be final and binding, the procedural and substantive determinations thereafter made by the Regional Director can be successfully challenged only on a showing that they are arbitrary or capricious or not in conformity with National Labor Relations Board policies or the provisions of the Act. N. L. R. B. v. Carlton Wood Products Co., 201 F.2d 863, 36 A.L.R.2d 1170 (9th Cir. 1953); N.L.R.B. v. Sumner Sand & Gravel Co., 293 F.2d 754 (9th Cir. 1961). The Respondent admits that it is aware that this is the rule, but argues that the pre-election accord or agreement allegedly entered into by the Union and the Respondent concerning the eligibility of voters cannot be overruled or set aside by the Regional Director. The rule urged by Respondent is too broad. An agreement between the parties settling questions of voter eligibility will be honored by the Board, only if the agreement is in writing. Norris-Thermador Corp., 119 NLRB 1301 (1958). Moreover, even if the agreement is in writing, it will not be honored by the Board if it does not conform to Board or statutory policy. West-

lake Plastics, 119 NLRB 1434 (1958). The failure of the Regional Director to honor the alleged pre-election *oral* accord or agreement could hardly be considered to be arbitrary or capricious for it is established Board policy to require that such agreements be in writing. The Board announced the rule in Norris-Thermador Corp., supra:

> "The Board is also of the opinion, however, that parties to a representation proceeding should be permitted to definitely resolve as between themselves issues of eligibility prior to the election if they clearly evidence their intention to do so in writing. Accordingly, the Board has concluded that hereafter, where the parties enter into a *written and signed agreement* which *expressly* provides that issues of eligibility resolved therein shall be final and binding upon the parties, the Board will consider such an agreement, and only such an agreement, a final determination of the eligibility issues treated therein unless it is, in part or in whole, contrary to the Act or established Board policy." Id. at 1301–2 (Emphasis the Board's).

In view of the established Board policy, the Regional Director quite properly considered the challenges to the ballots. Moreover, since the consent election agreement provided that the election was to be held in accordance with the "National Labor Relations Act, the Board's Rules and Regulations, and the applicable procedures and policies of the Board * * *," the Regional Director would have been violating the consent election agreement had he failed to consider the challenges, not to mention the fact that he would have been acting contrary to Board policy. Finally, Respondent is not in a position to argue that the Regional Counsel erred in sustaining two of the four challenges. This is true because the Respondent has conceded that the question of eligibility of the challenged employees was indeed a close one. As stated previously, the rule is that the determi-

nations of the Regional Director are final unless it can be shown that he acted arbitrarily or capriciously. Since the issues here were admittedly close ones, the most that could be said is that the Regional Director committed error. To prove arbitrary or capricious action on the part of the Regional Director, more than error or honest mistake must be demonstrated. See N. L. R. B. v. Volney Felt Mills, Inc., 210 F.2d 559, 560 (6th Cir. 1954); Elm City Broadcasting Corp. v. N. L. R. B., 228 F.2d 483, 485–486 (2d Cir. 1955); N. L. R. B. v. J. W. Rex Co., 243 F.2d 356, 358 (3d Cir. 1957).

Petition for enforcement granted.