**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CADILLAC STEEL PRODUCTS CORPORATION, Respondent.**

No. 19996.

United States Court of Appeals Ninth Circuit.

Jan. 3, 1966.

Rehearing Denied Feb. 10, 1966.

Arnold Ordman, Dominick L. Manoli, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Allison W. Brown, Jr., Leonard M. Wagman, Attys., NLRB, Washington, D. C., for petitioner.

Harry J. Keaton, Loeb & Loeb, Los Angeles, Cal., for respondent.

Before CHAMBERS, BARNES and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge.

The National Labor Relations Board seeks enforcement of an order to bargain. (National Labor Relations Act as amended, sections 10(e) and 8(a) (5) and (1), 29 U.S.C. § 160(e) and § 158(a) (5) and (1)). The employer's refusal to bargain is conceded. Its sole contention is that a consent election, which resulted in the choice of the union as bargaining agent, is not binding. The reason given is that the Regional Director did not afford a hearing as to the employer's claim that one employee, who would have voted against the union, did not vote. His failure to vote is attributed by the employer to certain claimed irregularities in the conduct of the election. The union was chosen by a majority of one. If the employee had voted, there would have been a tie, and the union could not have been certified as the representative of the employees. (Section 9(a), 29 U.S.C. § 159(a) requires selection by a majority.) The Board's decision and order are reported at 149 NLRB No. 103.

The election was conducted under a written agreement between the union and the employer, entered into under section 102.62 of the Rules and Regulations of the Board. The Rules contain a provision that "the rulings and determinations by the regional director of the results thereof [of the election] shall be final." Consistent with this rule, the agreement states: "The method of investigation of objections and challenges, including the question whether a hearing shall be held in connection therewith, shall be determined by the Regional Director, whose decision shall be final and binding." Such a provision is authorized by section 9(c) (4), 29 U.S.C. § 159(c) (4).

The Regional Director did consider the employer's objection, although he did not hold a hearing, and he determined, in substance, that the employee's failure to vote was his own fault, not caused by certain admitted but otherwise harmless irregularities in conducting the election. It is on this question that the employer says it should have had a hearing. But this is contrary to what the employer agreed to. We find nothing in the record showing any abuse by the Regional Director of the very broad discretion given to him by the agreement. The case is controlled by our decision in NLRB v. Carlton Wood Prod. Co., 9 Cir., 1953, 201 F.2d 863. Here, the agreement makes explicit what we held to be implicit in the agreement there involved. See also NLRB v. Hood Corp., 9 Cir., 1965, 346 F.2d 1020; NLRB v. Sumner Sand & Gravel Co., 9 Cir., 1961, 293 F.2d 754.

The order will be enforced.