**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**PEPSI–COLA BOTTLERS OF MIAMI, INC., Respondent.**

**No. 23011.**

United States Court of Appeals
Fifth Circuit.

Feb. 15, 1967.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Joseph C. Thackery, Atty., N. L. R. B., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Glen M. Bendixsen, Atty., N. L. R. B., for petitioner.

Glenn L. Greene, Jr., Miami, Fla., Fowler, White, Gillen, Humkey & Trenam, Miami, Fla., of counsel, for respondent.

Before MARIS,* BROWN and THORNBERRY, Circuit Judges.

PER CURIAM:

This case is before the Court on the petition of the National Labor Relations Board, pursuant to Section 10(e) [1] of the National Labor Relations Act,[2] seeking enforcement of its order issued July 7, 1965, against respondent, Pepsi-Cola Bottlers of Miami.[3] The only issue of substance in this appeal is whether substantial evidence supports the Board's determination that five employees of respondent had supervisory powers [4] and were therefore properly barred from

* Of the Third Circuit, Sitting by Designation.

1. 29 U.S.C. § 160(e).

2. 29 U.S.C. § 151 et seq.

3. The Board's decision and order are reported at 153 NLRB 1342.

4. Section 2(11) of the Act defines "supervisors" as: any individual having authority, in the interest of the employer, to hire, transfer, suspend, layoff, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment. 29 U.S.C. § 152(11). The definition of "employee" under the Act, 29 U.S.C. § 152(3), expressly excludes "any individual employed as a supervisor."

participation in a consent election held to determine representation for an employee unit composed of respondent's "driver salesmen." [5]

We hold that the findings of supervisory status and unit determination are clearly supported by the evidence in the record. The other contentions raised by respondent are without merit, and we accordingly enforce the Board's order.

5. See N.L.R.B. v. Hood Corp., 9th Cir. 1965, 346 F.2d 1020; N.L.R.B. v. Crean, 7th Cir. 1964, 326 F.2d 391; N.L.R.B. v. Belcher Towing Co., 5th Cir. 1960, 284 F.2d 118; Lake Huron Broadcasting Corp., 130 NLRB 908, 47 LRRM 1443 (1961); Coca-Cola Bottling Co. of St. Louis, 94 NLRB 208, 28 LRRM 1048 (1951).