**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SUMNER SAND & GRAVEL COMPANY, Respondent.**

No. 17195.

United States Court of Appeals
Ninth Circuit.

July 7, 1961.

Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Frederick U. Reel, Glen M. Bendixsen, Attys., N.L.R.B., Washington, D. C., Louis Penfield, Reg. Atty., N.L.R.B., San Francisco, Cal., for petitioner.

Eli A. Weston, Boise, Idaho, for respondent.

Before HAMLEY and JERTBERG, Circuit Judges, and ROSS, District Judge.

PER CURIAM.

The National Labor Relations Board has petitioned this court to enforce a

cease and desist order directed against the Sumner Sand & Gravel Company of Twin Falls, Idaho. The order requires the company to cease and desist from refusing to recognize or bargain collectively with two certified unions with respect to employees within designated bargaining units.[1] The order affirmatively orders the company to bargain with the unions with respect to wages and conditions of employment of these units, to post notices of compliance, and to notify the Board that the company has complied with the order.

The company admits that it has refused to bargain with the unions with regard to the bargaining units described in the Board order. It is contended, however, that the refusal is warranted because (1) the Board is without jurisdiction, (2) the selection of the bargaining representatives was improper, biased, prejudicial and an abuse of the regional director's discretion,[2] and (3) the election as a result of which the two unions were selected as bargaining representatives was improperly conducted by mail.

The company's challenge to the Board's jurisdiction is predicated on factual recitals to the effect that it is engaged in a local business of such nature that strikes and labor disputes involving its employees would not affect interstate commerce. Without a showing that interstate commerce would be so affected, the National Labor Relations Act would not apply, and the Board would be without jurisdiction.[3]

The Board found that the company had made substantial out-of-state sales during the period in question. On the basis of this and other findings it was found that the company was engaged in business affecting interstate commerce within the meaning of the act.

■ We find substantial support in the record for these findings of fact. Accordingly, the Board's determination that it had jurisdiction in this matter is sustained.

■ The terms of the agreements for consent elections into which the company entered with the Board and the two unions bar the company's remaining contentions. These agreements provide in effect that the determinations of the regional director upon any question, procedural or substantive, shall be "final and binding." Where a consent agreement containing such a provision is entered into, the procedural and substantive determinations thereafter made by the regional director can be successfully challenged only upon a showing that they are arbitrary or capricious or not in conformity with NLRB policies or the provisions of the act. NLRB v. Carlton Wood Prod. Co., 9 Cir., 201 F.2d 863, 36 A.L.R.2d 1170. No such showing was here made with respect to any of the company's contentions.

A decree will be entered enforcing the Board's order.

1. The unions and bargaining units specified in the order are General Teamsters, Warehousemen and Helpers Union, Local No. 483, with respect to truck drivers and certain other categories of employees at the company's Idaho operations, and International Union of Operating Engineers, Local No. 370, AFL–CIO, with respect to operators of crusher plants and certain other employee categories, also at the company's Idaho operations.

2. Specifically, it is alleged, the certifications were invalid because the bargain-

ing units were inappropriate, the regional director did not grant the company a hearing with respect to challenged ballots, and the regional director erred in determining the eligibility of the voters whose ballots were challenged.

3. Sections 2(6, 7) and 10(a) of the National Labor Relations Act, 29 U.S.C.A. §§ 152(6, 7), 160(a); NLRB v. Jones & Laughlin Steel Corp., 301 U.S. 1, 30–31, 57 S.Ct. 615, 81 L.Ed. 893.