T. C. Kammholz, William W. McKittrick, Kenneth C. McGuiness, Francis F. Sulley, Chicago, Ill. (Vedder, Price, Kaufman & Kammholz, Chicago, Ill., of counsel), for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Stephen B. Goldberg, Atty., N. L. R. B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Asso. Gen. Counsel, Melvin H. Reifin, Atty., N. L. R. B., for respondent.

Before SCHNACKENBERG, KNOCH and KILEY, Circuit Judges.

**The DIVERSEY CORPORATION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 13986.**

United States Court of Appeals Seventh Circuit.

Dec. 4, 1963.

Rehearing Denied Jan. 17, 1964.

KNOCH, Circuit Judge.

The Diversey Corporation (hereinafter sometimes called "Diversey"), filed its petition pursuant to § 10(f), National Labor Relations Act, 29 U.S.C. § 151 et seq., to review and to set aside an order of the National Labor Relations Board issued October 29, 1962 (139 NLRB No. 45, p. 572).

In its answer the Board requests enforcement of its Order.

The Board found that Diversey violated § 8(a) (5) and (1) of the Act in refusing to bargain in good faith with Local 478, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (hereinafter sometimes called the "Union"), and ordered Diversey to cease and desist from such unfair labor practice; on request, to bargain collectively with the Union; and to post the customary notices.

Diversey sets out the contested issues as:

I. Whether the Board erred as a matter of law in finding petitioner guilty of refusing to bargain while at the same time denying petitioner the right to be heard on the issue of whether it was obligated to bargain.

II. Whether the Board's Regional Director exceeded his authority by denying petitioner a hearing in the Board representation case; upon which case petitioner's obligation to bargain rests.

In January, 1962, the Union petitioned for an election at Diversey's Newark, New Jersey plant; and the Union and Diversey entered into an agreement for a consent election. The Regional Director for the Board's 22nd Region approved. The parties stipulated respecting such matters as the appropriate bargaining unit, eligible voters, date and place of election, selection of observers and manner of counting ballots. They specifically agreed that:

"[T]he determination of the Regional Director shall be final and binding upon any question * * * raised by any party hereto relating in any manner to the election,"

and

"The method of investigation of objections and challenges, including the question whether a hearing should be held in connection therewith, shall be determined by the Regional Director, whose decision shall be final and binding."

A few days later, Diversey moved to dismiss the Union's election petition because Diversey officials had just learned that one of Diversey's supervisors had solicited and procured the authorization cards on which the Union had relied.

Early in February, 1962, another motion by Diversey to set aside the election agreement, alleged:

Inasmuch as the foregoing allegation rests on the supervisory status of one Carmine Armenti, and in the event

the Regional Director is not satisfied that Armenti is a supervisor on the basis of the administrative investigation now being carried on, the Employer submits that the simplest and most economical method for the Government and the parties to resolve the problem is to set aside the consent agreement and order that a hearing be held.

Both motions were denied by the Regional Director on the basis of his administrative investigation. The election was held. The Union prevailed. Diversey challenged two of the ballots: one cast by Carmine Armenti and another by Watchman-guard James Underwood. The objection to the latter ballot was sustained by the Regional Director who ordered James Underwood's ballot to remain unopened and uncounted. As Carmine Armenti's ballot would not have affected the result of the election regardless of how he voted, the Regional Director found it unnecessary to rule on the challenge to his status based on the same grounds considered in the prior motions to dismiss the election petition and to set aside the consent agreement.

The Regional Director certified the Union as the exclusive representative of Diversey's employees in the stipulated bargaining unit. Diversey refused to bargain on the ground that the certification was invalid because of Carmine Armenti's activities. Diversey asserts that this was a mere technical refusal into which Diversey was forced in order to obtain judicial review of the representational matter. This was also Diversey's defense to the subsequent unfair labor charge.

The Trial Examiner granted the General Counsel's motion to strike this defense from Diversey's answer as an attempt by Diversey to relitigate matters previously decided by the Regional Director in the representation proceeding.

Diversey offered to prove that Carmine Armenti was a supervisor or had such apparent supervisory authority as to be looked on as a management representa-

tive and that he secured signatures on Union authorization cards on behalf of the Union from most, if not all, of the employees in the bargaining unit. This offer of proof was rejected on the ground that the matter had already been raised and decided adversely to Diversey.

Diversey contends that even if the Regional Director were correct in denying Diversey a hearing in the underlying representation case, the Board erred in denying a hearing in the unfair labor practice proceeding on the issue of whether the Regional Director had acted, not only in error, but arbitrarily in certifying the Union. Diversey sees the Regional Director's decision as clearly repugnant to the purposes and policies of the Act.

The fact remains that Diversey did agree that the Regional Director's determination would be final and binding on any question raised by any party relating in any manner to the election, and that the method of investigation, including the question whether a hearing should be held, would be determined by the Regional Director whose decision was to be final and binding. The Regional Director's ruling must be considered final in the absence of a showing that he acted arbitrarily or capriciously. N. L. R. B. v. Parkhurst Mfg. Co., 8 Cir., 1963, 317 F.2d 513, 516–517, and cases there cited.

Diversey has the burden of showing the Regional Director to have acted in an arbitrary or capricious manner. N. L. R. B. v. Sumner Sand & Gravel Co., 9 Cir., 1961, 293 F.2d 754, 755. To meet this burden, Diversey points to the denial of a hearing and to the failure to indicate the basis for the ruling, e. g. whether the Regional Director found Carmine Armenti not to be a supervisor, or not to have engaged in the alleged conduct; or whether the Regional Director considered the allegations, if true, to be insufficient to merit the relief sought.

We do not consider that Diversey has sustained its burden to allege specific facts to establish that, in the light of the broad terms of the agreement (which the parties were at liberty to make under the Act), the Regional Director acted in an arbitrary or capricious manner.

We have considered all other arguments advanced by Diversey but find them without merit. The petition to review the Board's order must be denied. Enforcement of the Order is granted.

Enforcement granted.