**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**UNITED DAIRIES, Inc., Respondent.**

**No. 7663.**

United States Court of Appeals Tenth Circuit.

Oct. 19, 1964.

George B. Driesen, Attorney, N. L. R. B. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Solomon I. Hirsh, Attorney, N. L. R. B., on the brief), for petitioner.

Philip A. Rouse, Denver, Colo., for respondent.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

The National Labor Relations Board petitions for enforcement of its order issued on August 22, 1963, against respondent, United Dairies, Inc. (United). The Board found that United had violated § 8(a) (5) and (1) of the National Labor Relations Act, as amended, 29 U.S. C.A. § 158(a) (5) and (1), by refusing to bargain with the Union[1] over the hours, wages and working conditions of a group of its distributors.[2] Respond-

ent's admitted refusal to bargain with the certified Union is based upon its assertion that the distributors are not employees but, rather, are "independent contractors", not covered by the collective bargaining agreement with the Union and not covered by the Act.

United has its principal place of business in Denver, Colorado, and engages in processing and distributing milk and milk products, at both wholesale and retail, throughout the Denver metropolitan area. It purchases fresh milk from various sources and operates a plant at which it bottles milk and cream and manufactures and packages various by-products, including ice cream mix, condensed milk, ice cream, sherbets and cheese. The plant processing work and the sale of the milk products to wholesale customers, who take delivery at the plant, are accomplished by employees of respondent. The retail or home delivery and distribution of milk and milk products are performed for respondent by driver-distributors, who are either employees, as claimed by the Board, or independent contractors, as alleged by respondent. Prior to March, 1962, none of respondent's employees were represented by a labor union.

On February 12, 1962, the Union filed a petition seeking certification by the Board as the bargaining representative of respondent's drivers engaged in the retail home delivery and distribution of the milk and milk products. Thereafter and pursuant to applicable statutory authority[3] and regulation,[4] United, and the Union, with the approval of the Board's Regional Director, entered into a consent agreement whereby a statutory preelection hearing was waived. In that agreement, the parties agreed that the appropriate collective bargaining unit was: "All truck drivers, including all commission route drivers, relief route drivers, leadmen and/or working fore-

1. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Milk Drivers and Dairy Employees, Local No. 537.

2. The Board's decision and order are reported at 144 N.L.R.B. No. 20.

3. 29 U.S.C.A. § 159(c) (1) and (4).

4. 29 C.F.R. § 102.62.

men route drivers, distributors and/or owner-operator drivers, special delivery drivers, straight truck drivers and semi-truck drivers, employed at Denver and Evergreen, Colorado; excluding office clerical employees, guards, watchmen, professional and supervisory employees as defined in the Act, and all other employees." The election was held and the Union won. On March 6, the Union was certified as the collective bargaining representative of the above unit.

During the contract negotiations that followed, United refused to bargain about the wages, hours and working conditions of 12 of the retail distributors, contending that they were independent contractors and not employees. United took the position that these distributors were not included in the bargaining unit and refused to recognize the Union as their bargaining representative. On May 31, 1962, the Union and United entered into a collective bargaining agreement covering the employees in the unit except for the distributors in question. It was agreed that the status of these distributors would be the subject of further negotiations and, by entering into the agreement, the Union did not waive its position that they were employees within the unit and therefore it was entitled to bargain for them. The Union thereafter repeatedly sought to bargain on behalf of the distributors but United refused to do so saying that they were not represented by the Union. United also offered to submit the dispute to arbitration but the Union refused on the ground that the employee status of the distributors was settled by the Board's certification.

Between October, 1962, and February, 1963, United entered into new contracts with 11 route drivers, admittedly covered by the collective bargaining agreement, under which they became "independent" distributors. Each of them resigned from respondent's employ; executed a distributorship agreement; and executed notes to cover the cost of a customer list, accounts receivable, and milk and ice cream boxes, which the company trans-ferred to him. These notes were secured by an assignment to United's wholly-owned financing subsidiary of the distributor's interest in the route he allegedly acquired. None of these changes in status of the distributors was discussed with the Union and it was not notified of such changes. Upon learning of the changes, the Union advised United that it had no objection to the sale of the routes, but asserted that the new distributors were included in the unit by virtue of a provision in the collective bargaining agreement stating that upon such a sale " *  *  * the route driver who services said route will come under the provisions of this agreement  *  *." United also refused to recognize the Union as bargaining representative for these distributors and, upon a sale being completed, would notify the Union of the change in status from route driver to distributor, advising it that they were no longer employees and accordingly they were no longer subject to the checkoff provisions of the contract.

On December 28, 1962, and at the request of the Union, the Board's General Counsel commenced proceedings alleging that United had committed unfair labor practices in violation of § 8(a) (5) and (1) of the Act. A hearing on the complaint was held and the Trial Examiner permitted United to litigate its claim that the distributors were independent contractors and not employees. On the basis of the evidence presented, he found that the distributors were employees and that respondent had violated § 8(a) (5) and (1), by refusing to bargain collectively with the Union as the representative of the distributors and by unilaterally changing the status of the route drivers to distributors. The Board agreed that United had violated § 8(a) (5) and (1), but refused to determine the status of the distributors on the basis of the evidence adduced at the hearing saying: " *  *  * [S]ince the Respondent in a consent election agreement agreed to the inclusion of these distributors as employees in a unit appropriate for collective bargaining and did

not challenge the right of its distributors to vote in a Board-conducted election, it cannot in the instant proceeding, in which it is charged with a refusal to bargain with the Union as the representative of these distributors, contend that they are not employees or that they must be excluded from that unit. * * * " The Board ordered the respondent to: Cease and desist from refusing to bargain with the Union as representative of the distributors, from bargaining individually with them and from continuing to give effect to any existing individual agreements; set aside the existing agreements with each individual distributor "without prejudice to his * * * assertion of any legal rights he may have acquired under such individual agreement, and make each whole for loss of pay, if any, he may have suffered by reason of employment under the individual agreement * * * "; and post notice of its intent to comply with the Board's order.

■ ■ We agree that it is not necessary to determine the status of respondent's distributors, i. e., whether they are employees or independent contractors, on the basis of the evidence adduced at the unfair labor practices hearing. Section 9(c) (4) of the Act, 29 U.S.C.A. § 159(c) (4), expressly provides for the waiver of a representation hearing by stipulation for the purpose of a consent election in conformity with the regulations and rules of decision of the Board. An agreement to waive a hearing and for such a consent election is a contract between the parties and, unless it is otherwise contrary to law, it is binding upon the parties thereto according to its terms. National Labor Relations Board v. Carlton Wood Products Co., 9 Cir., 201 F.2d 863, 36 A.L.R.2d 1170; Semi-Steel Casting Co. of St. Louis v. National Labor Relations Board, 8 Cir., 160 F.2d 388, cert. denied, 332 U.S. 758, 68 S.Ct. 57, 92 L.Ed. 344; National Labor Relations Board v. Standard Transformer Co., 6 Cir., 202 F.2d 846. The courts have consistently held that where such an agreement is entered into by the employer, the employee and the Board and where

it provides that the determinations of the Board's Regional Director shall be final and binding, such a determination is conclusive and cannot thereafter be questioned unless the Regional Director acts arbitrarily or capriciously or out of line with board policy or the requirements of the Act. N. L. R. B. v. Sumner Sand & Gravel Company, 9 Cir., 293 F.2d 754; N. L. R. B. v. Parkhurst Manufacturing Company, 8 Cir., 317 F.2d 513; Diversey Corporation v. N. L. R. B., 7 Cir., 325 F.2d 489; Manning, Maxwell & Moore, Incorporated v. N. L. R. B., 5 Cir., 324 F.2d 857; National Labor Relations Board v. J. W. Rex Company, 3 Cir., 243 F.2d 356; Elm City Broadcasting Corp. v. National Labor Relations Board, 2 Cir., 228 F.2d 483.

The Regional Director, United and the Union entered into such an agreement in this case. They waived a hearing and, among other things, agreed and stipulated that the appropriate collective bargaining unit was all " * * * truck drivers, including all commission route drivers, * * * distributors and/or owner-operator drivers * * * employed at Denver and Evergreen, Colorado; excluding official clerical employees, guards, watchmen, professional and supervisory employees as defined in the Act and all other employees." It will be observed that the so-called independent distributors unquestionably come within the description of " * * * all * * * distributors and/or owner-operator drivers * * * " and do not fall within any class excluded from the unit. There can be no doubt but what the parties agreed that the distributors in question were to be included in the collective bargaining unit and, in fact, the record shows that those distributors voted in the consent election. The Regional Director certified the Union as the statutory representative of the unit. This determination is not alleged to be arbitrary, capricious or out of line with board policy or the requirements of the Act. It is therefore conclusive, and we must hold that the distributors in question, by agreement and stipulation and by

determination of the Regional Director, are included in the bargaining unit. By refusing to bargain with the Union over their wages, hours and working conditions and by unilaterally changing the status of some route drivers, United clearly committed unfair labor practices prohibited by the Act. Other reasons are asserted for disregarding the evidence but, in view of what has been said, we need not discuss them.

Respondent's contention that the issue of the status of the distributors should be settled by arbitration is clearly without merit since there is nothing to arbitrate.

The petition for enforcement is granted.