**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**JAS. H. MATTHEWS & CO., INDUSTRIAL MARKING PRODUCTS DIVISION, Respondent.**

**No. 14880.**

United States Court of Appeals Third Circuit.

Argued Dec. 8, 1964.

Decided Feb. 11, 1965.

Rehearing Denied April 6, 1965.

Michael Sohn, N. L. R. B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Melvin J. Welles, Atty., National Labor Relations Board, on the brief), for petitioner.

Leonard L. Scheinholtz and Reed, Smith, Shaw & McClay, Pittsburgh, Pa. (Nicholas Unkovic and W. D. Armour,

Pittsburgh, Pa., on the brief), for respondent.

Before GANEY, SMITH and FREEDMAN, Circuit Judges.

WILLIAM F. SMITH, Circuit Judge.

This is an enforcement proceeding under § 10(e) of the Labor Management Relations Act as amended, 29 U.S.C.A. § 160(e). The petition for enforcement is resisted on grounds hereinafter separately considered. The principal dispute centers upon the Board's determination that the Respondent's refusal to bargain was an unfair labor practice and upon the underlying decision reached by the Regional Director in a representation proceeding. There is no dispute as to the material facts.

After an organizational campaign extending over a period of approximately three months, the International Union of Electrical, Radio and Machine Workers, hereinafter referred to as the Union, filed a petition for certification as the exclusive representative of the maintenance and production workers employed in a division of the Respondent. While the petition was pending the Union and the Respondent, with the approval of the Regional Director, waived hearing and entered into a consent-election agreement authorized by § 9(c) (4) of the Act, 29 U.S.C.A. § 159(c) (4), and § 102.62 of the regulations, 29 C.F.R.

This agreement, in the form customarily used by the Board, provided, among other things, "that the determination of the Regional Director shall be final and binding upon any question * * * raised by any party hereto relating in any manner to the election." The agreement further provided that the "method of investigation of objections and challenges, including the question whether a hearing should be held in connection therewith, shall be determined by the Regional Director, whose decision shall be final and binding."

Between February 5, when the agreement was executed and docketed, and February 18, three days prior to the election, the Union and the Respondent engaged in extensive and almost daily distribution of campaign literature in which they presented their respective positions. There is no claim by either party that the literature distributed during this period was in any way improper. However, on February 19, two days before the election, the Union distributed pamphlets which contained statements highly critical of a retirement and annuity plan sponsored by the Respondent and underwritten by the Equitable Life Assurance Society. The Respondent learned of the pamphlets before noon, and thereafter, in an effort to refute statements contained therein, its personnel director and a supervisor spoke to a number of employees then in the plant. There was no other action taken.

The election was held in the afternoon of February 21, and in a close contest, in which 139 employees participated, the Union prevailed by the narrow margin of 5 votes. The Respondent filed timely objections to the election, alleging that the results were affected by fourteen false and misleading statements contained in the pamphlets. Thereupon the Regional Director ordered an investigation, during the progress of which his representatives conferred with officials of the Respondent and requested and received from them certain documentary evidence, including an affidavit made by the personnel director. The Respondent does not here question the adequacy of the investigation.

After the investigation had been concluded the Regional Director, as required by § 102.69(c) of the regulations, 29 C.F.R., prepared and served upon the parties a comprehensive report containing a detailed analysis of each of the allegedly false statements, which he severally described as "not complete representations of facts," "partially true," "partially correct," and "mere exaggerations." He found that a majority of the employees, particularly the participants in the retirement and annuity plan, had sufficient knowledge and information to enable them to evaluate the allegedly misleading statements. He found further that the officials of the Respondent,

having knowledge of the retirement and annuity plan, were afforded ample time within which to refute the allegedly false statements contained in the pamphlets. The Regional Director concluded that under the facts and circumstances the results of the election were not adversely affected by the distribution of the pamphlets. He overruled the objections as without merit and certified the union. The Respondent filed no exceptions to the report and made no request for a formal hearing.

Notwithstanding the certification, the Respondent refused to bargain and so notified the Union, claiming that the said report "was unreasonable, arbitrary, constituted an abuse of discretion, and was not in conformity with [Board] policies or the provisions of the Act." Thereupon the Union filed a charge upon which a complaint issued. When the matter came before the designated Trial Examiner the Respondent again raised the objections previously interposed in the representation proceeding. The Trial Examiner considered the record in light of the objections and in effect affirmed the report of the Regional Director. He found the Respondent guilty of an unfair labor practice within the meaning of § 8(a) (5) and (1), 29 U.S.C.A. § 158(a) (5) and (1), and recommended the issuance of a cease and desist order. The Board adopted the findings, conclusions and recommendations of the Examiner and issued an order in accord with the recommendations.

The Respondent challenges as "not supported by substantial evidence" the finding of the Trial Examiner as adopted by the Board but solely on the ground that the action of the Regional Director in the representation proceeding was arbitrary and not in conformity with the established policy of the Board. The questions raised by this challenge necessitate a review of the representation proceeding.

A representation certification is ordinarily not subject to review under the Act. A. F. L. v. National Labor Re-

lations Board, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347. However, a review is authorized where, as here, the employer's refusal to bargain in defiance of a certification "eventuates in a finding by the Board that an unfair labor practice has been committed." Boire v. Greyhound Corp., 376 U.S. 473, 477, 84 S.Ct. 894, 896, 11 L.Ed.2d 849 (1964); N. L. R. B. v. Sklar, 316 F.2d 145, 147 (6th Cir. 1963). The review is authorized as incidental to the review of the unfair labor practice proceeding. Ibid.

Where the parties to a representation proceeding have entered into a consent-election agreement, such as we have here, the scope of review is subject to the restrictive limitations imposed by the agreement, and the representation certification may not be set aside except upon proof that the action of the Board, or the Regional Director, was arbitrary and capricious. N. L. R. B. v. General Armature & Mfg. Co., 3 Cir., 192 F.2d 316, cert. den. 343 U.S. 957, 72 S.Ct. 1052, 96 L.Ed. 1357; N. L. R. B. v. J. W. Rex Company, 243 F.2d 356, 358 (3rd Cir. 1957); Diversey Corporation v. N. L. R. B., 325 F.2d 489, 491 (7th Cir. 1963); N. L. R. B. v. Parkhurst Manufacturing Company, 317 F.2d 513, 516, 517 (8th Cir. 1963); N. L. R. B. v. Sumner Sand & Gravel Company, 293 F.2d 754 (9th Cir. 1961); Elm City Broadcasting Corp. v. N. L. R. B., 228 F.2d 483, 485 (2nd Cir. 1955). Administrative action may be regarded as arbitrary and capricious only where it is not supportable on any rational basis. This court, and others, have heretofore held that "something more than error is necessary to spell out arbitrary or capricious action." N. L. R. B. v. J. W. Rex Company, supra, 243 F.2d 358, and the cases therein cited; N. L. R. B. v. Parkhurst Manufacturing Company, supra, 317 F.2d 518. The fact that on the same evidence a reviewing court could have reached a decision contrary to that reached by the agency will not support a determination that the administrative action was arbitrary and capricious.

■ We are convinced upon our examination of the record that the action of the Regional Director, measured by recognized criteria, was anything but arbitrary and capricious. It appears from the report of the Regional Director that the representation certification was based upon a thoughtful consideration of the evidence as a whole and a discriminating evaluation of the possible impact of the misleading statements on the fairness of the election.

■ ■ At the hearing in the unfair labor practice proceeding the Respondent made an offer of proof which included certain exhibits, an affidavit of the Respondent's personnel director, and the testimony of a representative of the Equitable Life Assurance Society. This evidence was excluded on grounds urged by General Counsel. The Respondent here argues that the exclusion of this evidence was error and tantamount to a denial of a "full and fair hearing in the unfair labor practice proceeding." We cannot agree. The same argument was made and rejected as without merit in N. L. R. B. v. Parkhurst Manufacturing Company, supra, a case factually similar to the one now before us. See also N. L. R. B. v. J. W. Rex Company, supra.

The offered evidence related only to the issues raised and decided in the representation proceeding and was, at best, cumulative; in fact, the exhibits and the affidavit of the Respondent's personnel director were received by the Regional Director during the course of his investigation and were part of the record. The exclusion of the evidence was proper under the circumstances. Pittsburgh Plate Glass Co. v. National Labor Relations Board, 313 U.S. 146, 162, 61 S.Ct. 908, 85 L.Ed. 1251 (1941); Rockwell Manufacturing Co., etc. v. N. L. R. B., 330 F.2d 795, 797, 798 (7th Cir. 1964); N. L. R. B. v. Parkhurst Manufacturing Company, supra; N. L. R. B. v. Worcester Woolen Mills Corp., 170 F.2d 13, 16 (1st Cir. 1948), cert. den. 336 U.S. 903, 69 S.Ct. 489, 93 L.Ed. 1069. The Respondent waived a hearing and agreed to be bound by the decision of the Regional Director on the issues raised by the objections filed in the representation proceeding. It had no right to relitigate the same issues in the unfair labor practice proceeding. Ibid. The case of N. L. R. B. v. Trancoa Chemical Corporation, 303 F.2d 456 (1st Cir. 1962), relied upon by the Respondent, is not to the contrary. See footnote 6 appearing on page 461.

We have considered the other arguments herein made by the Respondent and conclude that they are clearly without merit.

A decree for enforcement of the Board order may be submitted.