**FILED**
August 02, 2021
ST-2021-CV-00116
TAMARA CHARLES
CLERK OF THE COURT



**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

\*\*\*\*

| | |
|---|---|
| GOVERNMENT OF THE VIRGIN ISLANDS, ) <br> OFFICE OF MANAGEMENT AND BUDGET, ) <br> ) <br> ) <br> Petitioner, ) <br> v. ) <br> ) <br> PUBLIC EMPLOYEES RELATIONS BOARD, ) <br> and KAREN BOWRY, ) <br> ) <br> Respondents. ) | CASE NO. ST-2021-CV-00116 <br><br> PETITION FOR WRIT <br> OF REVIEW |

Cite as 2021 VI Super 83U

**MEMORANDUM OPINION & ORDER**

¶1 **THIS MATTER** is before the Court on:

1. Petitioner's Brief, filed June 4, 2021;

2. Respondent Karen Bowry's Response To Brief, filed June 24, 2021; and

3. Respondent Public Employees Relations Board Responsive Brief In Opposition To Petitioner's Brief In Support Of Petition For Writ Of Review ("PERB's Responsive Brief"), filed June 25, 2021.

¶2 The Court finds that the Public Employees Relations Board ("PERB") did not exceed its authority by consolidating the suspensions and termination, as it was rational, supported by evidence, and within the scope of its authority. Even though the suspensions and termination could have been separately appealed, each action stemmed from the other and related back to a common incident and called for a common remedy – Bowry's reinstatement and backpay.

¶3 However, PERB's representations as to the scope of the hearing denied the Petitioner a chance to litigate her termination. Given the unique circumstances of this case, and the Court's concern with notice and the opportunity to be heard, the prudent course is to remand this case back to PERB to conduct a hearing on the issue of the termination only.

### I.    INTRODUCTION

¶4 On March 19, 2021, Petitioner Government of the Virgin Islands, Office of Management and Budget ("OMB") filed its Petition For Writ of Review seeking judicial review of the Decision and Order entered on February 18, 2021, by PERB. The Court granted the petition on April 21, 2021.

¶5    Respondent Karen Bowry ("Bowry") is a classified, nonunion employee of the Government of the Virgin Islands, employed as a Management Program Analyst with OMB.[1] On January 29, 2020, Bowry had attended Lean Six Sigma training, along with co-workers and her immediate supervisor.[2] Bowry testified that she was there from 8:30 a.m. to 5 p.m., leaving only for lunch, and that she participated and spoke during the training, interacted twice with the supervisor, and stayed after the training instructor left to complete an assignment with a colleague.[3] On February 7, 2020, OMB Director Jenifer O'Neal ("O'Neal") summoned Bowry to her office and served her a two-week suspension letter and mandated she participate in an Employee Assistance Program ("EAP").[4] The basis of Bowry's initial suspension was that the training instructor reported that she had been inebriated at the training.[5] Bowry refused to sign the EAP paperwork and denied being inebriated; Bowry was not informed of the allegation prior to being summoned and was not advised of her right to a hearing.[6]

¶6    On February 18, 2020, Bowry filed an appeal of her suspension with PERB.[7] After returning from her two-week suspension without pay, on February 24, 2020, Bowry was questioned by O'Neal as to why she was at work because she had not participated in the EAP or signed the paperwork.[8] Later that day, Bowry was summoned to O'Neal's office and was again handed a letter with a notice of a two-week suspension pending her termination.[9] Bowry did not have a chance to challenge this decision.[10] On February 25, 2020, Bowry submitted to PERB another formal request to appeal the extension of her suspension.[11] On February 28, 2020, PERB issued a Pre-Hearing Order and Notice of Hearing, and PERB conducted an initial hearing on March 12, 2020.[12] The hearing covered only the issue of PERB's jurisdiction.[13]

¶7    On March 16, 2020, PERB received Bowry's Appellant's Notice of Receipt of Final Action and Other Information which contained her termination letter.[14] Hearings continued on August 7, September 3, and October 2, 2020.[15] Each party was represented by counsel, evidence was introduced, and seven (7) witnesses testified, including Bowry.[16] PERB concluded that "OMB suspended Appellant without giving her due process, and OMB did not utilize progressive

---

[1] Pet'r's Pet. For Writ Of Review 2.
[2] Feb. 18, 2021 PERB Decision and Order, *K. Bowry v. GVI, OMB*, PERB-GSA-20-19T, at 8.
[3] Feb. 18, 2021 PERB Decision and Order, *K. Bowry v. GVI, OMB*, PERB-GSA-20-19T, at 8.
[4] Pet'r's Pet. For Writ Of Review 5-6.
[5] Feb. 18, 2021 PERB Decision and Order, *K. Bowry v. GVI, OMB*, PERB-GSA-20-19T, at 8-9.
[6] Feb. 18, 2021 PERB Decision and Order, *K. Bowry v. GVI, OMB*, PERB-GSA-20-19T, at 9; Def. Bowry's Resp. To Brief 1.
[7] Feb. 18, 2021 PERB Decision and Order, *K. Bowry v. GVI, OMB*, PERB-GSA-20-19T, at 1.
[8] Feb. 18, 2021 PERB Decision and Order, *K. Bowry v. GVI, OMB*, PERB-GSA-20-19T, at 10.
[9] Feb. 18, 2021 PERB Decision and Order, *K. Bowry v. GVI, OMB*, PERB-GSA-20-19T, at 10.
[10] Feb. 18, 2021 PERB Decision and Order, *K. Bowry v. GVI, OMB*, PERB-GSA-20-19T, at 10.
[11] Feb. 18, 2021 PERB Decision and Order, *K. Bowry v. GVI, OMB*, PERB-GSA-20-19T, at 7.
[12] Feb. 18, 2021 PERB Decision and Order, *K. Bowry v. GVI, OMB*, PERB-GSA-20-19T, at 1.
[13] Feb. 18, 2021 PERB Decision and Order, *K. Bowry v. GVI, OMB*, PERB-GSA-20-19T, at 2.
[14] Feb. 18, 2021 PERB Decision and Order, *K. Bowry v. GVI, OMB*, PERB-GSA-20-19T, at 2.
[15] Feb. 18, 2021 PERB Decision and Order, *K. Bowry v. GVI, OMB*, PERB-GSA-20-19T, at 3.
[16] Feb. 18, 2021 PERB Decision and Order, *K. Bowry v. GVI, OMB*, PERB-GSA-20-19T, at 3.

discipline in this instance" and that "Appellant was not informed that she had a right to appeal the decision and to have a hearing."[17] On February 18, 2021, PERB ordered Bowry to be reinstated and issued backpay.[18]

¶8      OMB states that at the October 2, 2020 hearing on the merits of the case, OMB's attorney specifically inquired as a part of preliminary matters into the scope of the hearing.[19] OMB's attorney asked "today we're only talking about suspension or we're going beyond the bounds of that?" to which the hearing officer replied "[t]oday, we are dealing with the merits of this case, which is suspension, yes" and Bowry's attorney stated "[i]f I may clarify. Suspension pending termination was the later docketed appeal, the correct, which is PERB 4."[20] OMB argues that the only issue raised by Bowry before PERB was the suspensions, not the termination.[21] In summation, OMB's argument is that "[n]o portion of the hearing concerned the merits of Bowry's termination, and therefore the Government was deprived of a fair opportunity to be heard on that issue."[22]

¶9      Bowry argues that despite O'Neal's contention that the EAP was mandatory, that is not supported by the Government of the Virgin Islands Employee Handbook; O'Neal initiated the suspension without a hearing or any mention of the alleged incident; and the foundation of her suspensions and termination are all connected and continuous "as O'Neal's verbiage in her letters clearly state."[23]

¶10      PERB states that in response to Bowry's February 25, 2020 notification to PERB about her continued suspension and pending termination, PERB sent a letter to both Bowry and OMB's counsel that "there was no need to initiate another appeal of suspension with the PERB" and "the letter would be placed in her existing file and that it will be added to her pending appeal of suspension."[24] PERB also states on account of the Governor of the Virgin Islands' Third Supplemental Executive Order and Proclamation, which extended the State of Health Emergency caused by the COVID-19 pandemic, PERB hearings were temporarily suspended.[25] During this suspension, PERB received Bowry's Appellant Exhibit List: First Supplement on April 27, 2020, which included her termination letter.[26]

---

[17] Feb. 18, 2021 PERB Decision and Order, *K. Bowry v. GVI, OMB*, PERB-GSA-20-19T, at 20.
[18] Feb. 18, 2021 PERB Decision and Order, *K. Bowry v. GVI, OMB*, PERB-GSA-20-19T, at 21.
[19] Pet'r's Br. 4.
[20] Pet'r's Br. 4-5.
[21] Pet'r's Br. 5.
[22] Pet'r's Br. 5.
[23] Resp't Bowry's Resp. To Br. 1-2.
[24] PERB's Responsive Br. 3.
[25] PERB's Responsive Br. 4.
[26] PERB's Responsive Br. 4.

¶11    PERB argues that pursuant to title 3, §§ 530(c)[27] and 530(e)[28] of the Virgin Islands Code it has the ability to reverse a decision of a department head, restore an employee to duty, and award compensation.[29] PERB contends that that is what it did in the instant case – Bowry was suspended without pay, appealed, and it reinstated her.[30] Further, PERB also contends that OMB was aware of the pending appeal when it further suspended and then terminated her, and "at no time did the Petitioner press the issue that Bowry did not file an appeal of the termination."[31] PERB contends that its jurisdiction over the case was not improper as "[w]hether the appeal is one of a suspension, dismissal or demotion, Respondent PERB's authority remains the same."[32]

¶12    In addition, PERB argues that pursuant to *Martin v. Occupational Safety and Health Review Commission*[33] and *Chevron, U.S.A., Inc. v. NRDC, Inc.*[34] the Court should defer to PERB's construction of its own regulations and "considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer, and the principle of deference to administrative interpretations."[35] PERB submits that it is an administrative agency, it "fairly and impartially administered the provisions of Section 530," properly weighed the information it received, and "determined that the Petitioner failed to provide a classified regular employee with due process, and there was no just cause for the suspension."[36] Further, PERB avers that its decision was supported by a rational basis, there was substantial evidence in the record to support its decision, and it did not exceed its authority.[37]

## II.    LEGAL STANDARD

### A.  Jurisdiction & Appellate Review

¶13    Title 3, § 530a of the Virgin Islands Code vests the Superior Court of the Virgin Islands with appellate authority over PERB decisions which are final orders so long as an application for

---

[27] V.I. CODE ANN. tit. 3, § 530(c) ("The Board may sustain or reverse the decision of the department head or may reduce the penalty recommended by the department head from dismissal or demotion to suspension for a period not to exceed 90 days, or from suspension to a lesser period of suspension if the Board finds such action to be warranted and in the public interest.").

[28] 3 V.I.C. § 530(e) ("If the Board orders restoration to duty and pay, and if it does not order suspension, the employee shall receive full compensation for any period for which he did not receive compensation pending hearing of the appeal. In addition, if the Board finds that such dismissal, demotion or suspension was ordered by the department head arbitrarily, unjustly, and without reasonable cause, and the employee was represented by counsel, it shall enter an order awarding a reasonable attorney fee to the employee. Such award shall be satisfied by legislative appropriation therefor. Any award of attorney's fees to an employee of an independent instrumentality shall be satisfied by the respective instrumentality.").

[29] PERB's Responsive Br. 8.

[30] PERB's Responsive Br. 8-9.

[31] PERB's Responsive Br. 8-9.

[32] PERB's Responsive Br. 9.

[33] 499 U.S. 144 (1991).

[34] 467 U.S. 837 (1984).

[35] *Id.* at 844. PERB's Responsive Br. 9-10.

[36] PERB's Responsive Br. 10.

[37] PERB's Responsive Br. 10.

review is filed within thirty (30) days.[38] A final order ends litigation on the merits.[39] Questions of fact determined by PERB are conclusive "if supported by substantial evidence in the record considered as a whole."[40] "In reviewing a final order of the PERB, the court may enforce the order, modify the order and enforce it, set the order aside, or return the matter to the PERB with instructions for further proceeding not inconsistent with this chapter."[41]

## B. *Chevron* Deference and Agency Decisions

¶14     Courts confronted with an agency's construction of a statute it administers must first ask whether the legislature has directly spoken to the precise question, and if not, whether the agency's interpretation is based on a permissible construction of the statute.[42] Further, the United States Supreme Court has "long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer."[43]

¶15     The Court may set aside an agency decision if it is arbitrary and capricious, but "[t]his does not mean that the Court may substitute its judgment for that of the agency, but that the agency action may be set aside only where it is not supported by any rational basis."[44] Additionally, the Court determines whether the agency acted within the scope of its statutory powers and whether its findings are supported by substantial evidence on the record.[45]

---

[38] 3 V.I.C. 530a(a) provides:

> Any party aggrieved by any final order of the PERB issued under section 530 or 531 of this chapter, may appeal to the Superior Court of the Virgin Islands. An application for review must be filed within 30 days after the date of the Final Order and name the PERB as a party respondent. The rules of procedure of the Superior Court regarding a writ of Review shall govern the appeal proceeding.

[39] *Prosser v. Public Servs. Comm'n of the U.S.V.I.*, 56 V.I. 391, 401 (V.I. 2012) (citing *Estate of George v. George*, 50 V.I. 268, 274 (V.I. 2008)) ("The September 14, 2010 order from the Superior Court was a final order, because it 'end[ed] the litigation on the merits . . . .'").

[40] 3 V.I.C. 530a(b).

[41] 3 V.I.C. 530a(c).

[42] *Chevron*, 467 U.S. at 842-43 ("When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.").

[43] *Id.* at 844.

[44] *Branch v. Bryan*, 18 V.I. 54, 59 (D.V.I. 1980) (citing *N.L.R.B. v. Jas. H. Matthews & Co. Industrial Mark. Prod. Div.*, 342 F.2d 129, 131 (3d Cir. 1980).

[45] *Angell v. Pub. Emp. Relations Bd.*, 73 V.I. 89, 91-92 (V.I. Super. Ct. 2010) (citing *Branch v. Bryan*, 18 V.I. 54, 56-57 (D.V.I. 1980)) ("In reviewing PERB's actions, this Court must determine: (1) whether the agency's findings are supported by substantial evidence on the record; (2) whether the agency has acted within the limits of its statutory powers; and (3) whether the agency has abused its discretion by acting in an arbitrary or capricious manner.").

## III.    ANALYSIS

¶16    As a preliminary matter, PERB's February 18, 2021 Decision and Order is a final order and OMB's Petition For A Writ Of Review was filed within thirty (30) days, therefore this Court has jurisdiction to review the Decision and Order.

### A. PERB did not exceed the scope of its authority in ruling on Bowry's termination and its judgment is appropriate

¶17    The Virgin Islands Legislature has not spoken directly to the issue of whether PERB, once an appeal has been filed, may consolidate subsequent appeals and agency actions by the same appellant involving the same or similar matter into one case.

¶18    OMB argues that "Bowry was notified of the termination but never filed an appeal" and that "PERB chose to consolidate the cases and hear them simultaneously rather docket a separate action."[46] OMB also argues that each adverse employment decision constitutes a separate incident, and the employee must file separate notices of appeal to preserve those rights.[47]

¶19    PERB has shown that Bowry notified PERB of her second suspension as well as her termination. PERB also indicated to Bowry that there was no need to separately file her second suspension when she did so. The Court notes the unusual circumstances of this case – as Bowry's appeal was pending, the Governor issued an executive order suspending PERB's operation on account of the Covid-19 pandemic. During this cessation of operations, Bowry notified PERB of her termination.

¶20    In the instant case, the facts supporting Bowry's second suspension and termination flow from her initial suspension and her refusal to sign the EAP paperwork and commit to a program mandated by O'Neal. O'Neal's mandate to attend the EAP in Bowry's initial suspension directly stems from the basis of her initial suspension – her alleged intoxication at a work training. PERB considered these suspensions and the resultant termination to be rooted in the same set of instances, bound up with each other, and thus constituting a single appeal. Additionally, OMB was aware of the pending appeal when it issued its second suspension and subsequent termination.[48]

¶21    While OMB argues that Bowry needs to file a separate appeal at each stage of the transit from suspension to termination, PERB states it is within its power to consolidate the actions. With appropriate deference to PERB, the Court finds that PERB's construction of the statute is permissible and logical. While the statute does not explicitly provide for consolidation of appeals, it does not forbid it. Additionally, the statute states that if PERB fails to make a decision, an

---

[46] Pet'r's Br. 4.

[47] Pet'r's Br. 6.

[48] Additionally, OMB was or should have been aware of Appellant Exhibit List: First Supplement which contained her termination letter. At no point before PERB's decision did OMB make an argument that PERB should exclude consideration of the second suspension or termination and that consideration of them was not properly before PERB. While a party may at any time argue that a court, or in this case PERB, lacks subject-matter jurisdiction, all parties, PERB, and the Court would benefit from the issue being raised prior to appeal.

employee should be reinstated "to the date of his *original* dismissal or suspension."[49] The use of "original" implies that there may be secondary or derivative suspension or dismissals, and the first one that is appealed should be the one considered in the event of reinstatement by default. This strengthens PERB's construction of the statute.

¶22　　Furthermore, PERB's construction of the statute is particularly appropriate in a situation such as this one, where the suspensions and termination are related, based on the same set of facts, and are not separate and unique instances involving a range of unrelated events and parties. Consolidation in such a case is wholly sensible. The alternative procedural obstacle course of repeated filings, separate hearings, duplicative evidence, and repetitive testimony would be inefficient, byzantine, and burdensome for Bowry, OMB, PERB, and the witnesses. The Court does not see what benefit this may provide.

¶23　　PERB's power to grant relief in the case of Bowry's initial suspension is the same as it would be in the second suspension and termination – to reinstate Bowry and order compensation. Thus, in reinstating Bowry after her termination, PERB would not be exceeding its authority under the statute, as PERB could reinstate Bowry in the event of suspension *or* termination. Either way, Bowry ends up back in her position as Management Program Analyst with backpay. Additionally, if Bowry's initial suspension was erroneous or violative of her rights, the second suspension and termination, predicated as they are on the initial suspension and refusal to participate in a program mandated by O'Neal, would also be tainted by the violation of Bowry's rights. PERB's authority over the initial suspension could subsequently invalidate Bowry's second suspension and termination. As a result, PERB did not exceed its authority in consolidating into one case the second suspension and termination.

¶24　　In its hearings, PERB received an abundance of evidence and witness testimony before making its decision. In consideration of this substantial amount of evidence, PERB made findings of fact that show that O'Neal chose to try and force Bowry to participate in the EAP or face suspension, and then O'Neal immediately suspended her, without prior notification, a hearing, or use of gradual discipline, on the basis of a single allegation. Therefore, PERB's judgment in finding Bowry's due process rights violated and reinstating her is rational, is not arbitrary or capricious, is substantially supported by the evidence, and is within PERB's power.

### B. OMB was not afforded an opportunity to litigate the termination

¶25　　OMB argues that "the Government was never provided notice that the termination of Bowry was at issue. PERB explicitly told the Government that the hearing was only being conducted with respect to the merits of the suspensions, and Bowry's Counsel concurred."[50] As stated above, the Court defers to PERB's decision to consolidate the suspensions and termination and finds it within its jurisdictional authority. But OMB also makes a due process argument, that

---

[49] 3 V.I.C. 530(b).
[50] Pet'r's Br. 5.

"[n]o portion of the hearing concerned the merits of Bowry's termination, and therefore the Government was deprived of a fair opportunity to be heard on that issue."[51]

¶26     OMB further argues that it did not terminate Bowry "based solely on the same reasons for which she was suspended" and while the parties litigated "issues of intoxication . . . and insubordination" there were "other reasons and . . . issues" which were never discussed.[52] OMB states that even though the Government failed to meet their burden of proof on Bowry's suspension, that "does not *per se* mean the Government could not have met their burden of proof related to the termination."[53] OMB insists that the "the Government is entitled to the same fundamental fairness accorded to other parties, including notice and the opportunity to be heard."[54] In short, OMB is arguing that PERB's consideration of Bowry's termination was a due process violation because OMB and Bowry only debated the merits of Bowry's suspensions.

¶27     A review of the record indicates that at the October 2, 2020 hearing the Government did specifically inquire as to the scope of the hearing and was told by the PERB hearing officer it was related to the "suspension," which opposing counsel clarified as the "suspension pending termination."[55] As outlined above, the Court defers to PERB's discretion in consolidating the suspensions and the termination. As Bowry was suspended *pending termination* and that suspension was litigated, it is not clear what facts or circumstances OMB could assert that would result in PERB finding the suspensions to be violations but not the termination. However, PERB did not provide notice that it would also be considering the termination. Indeed, PERB represented the opposite to OMB. In so representing, PERB functionally pulled a "bait-and-switch," denying OMB the chance to argue the termination was justified while ruling afterwards it was not.

¶28     Further, PERB, in its letter to the parties announcing the hearing, also represented that the issue was "suspension", and that the hearing would be "on the merits of the appeal of suspension."[56] While it appears to the Court from the record that the termination and suspensions are intertwined, and OMB has not indicated what facts or circumstances make the eventual termination wholly distinct from the suspension pending termination—other than to say there were "other reasons"—the Court is amenable to OMB's concerns of having an opportunity to be heard on the issue.

¶29     Given the unique facts of this case: suspensions and a termination with a common basis; the temporary suspension of PERB's operation by executive order occurring around the initiation of the case; and PERB's representations to OMB as to the scope of the hearing, fairness and prudence would dictate that OMB be given a chance to litigate the termination. Given that PERB found a violation of Bowry's due process rights and a failure of OMB to use gradual discipline, it is not clear how Bowry's termination does not also suffer from these defects. However, if OMB

---

[51] Pet'r's Br. 5.

[52] Pet'r's Br. 7.

[53] Pet'r's Br. 7.

[54] Pet'r's Br. 7.

[55] October 2, 2020 PERB Hearing Transcript 22.

[56] PERB's Responsive Br. Ex. 3.

has a good faith argument and there exists actual[57] facts or circumstances which mark the termination as different from the already-litigated suspensions, then OMB should have an opportunity to present its case. The Court will therefore vacate the February 18, 2021 Decision and Order pending the outcome of said hearing. While the issues surrounding the suspension have already been litigated, those findings can be included in PERB's new Decision and Order.

## IV.   CONCLUSION

¶30    On February 7, 2020, Respondent Bowry was summoned to the office of the Director of the Office of Management and Budget. She was mandated to attend an employee assistance program and was given a two-week suspension. The basis of Bowry's suspension was alleged intoxication at a training event. Bowry was not given notice or a hearing, nor was she subjected to progressive discipline. Bowry refused to sign the paperwork for the program. Upon returning to the office, Bowry was again suspended for two-weeks pending termination and was eventually terminated.

¶31    Bowry appealed her initial suspension to PERB. PERB informed her there was no need to file an appeal for the second suspension and the issues would be consolidated. A short time after, the Governor of the Virgin Islands issued an executive order which, *inter alia*, suspended the operation of PERB. Bowry also provided PERB during this time with notice of her termination. After several hearings, PERB eventually issued a ruling reversing Bowry's suspensions and termination and reinstating her with backpay. Petitioner OMB subsequently filed this appeal arguing that: (a) PERB exceeded its authority in consolidating the cases and (b) OMB did not have a chance to litigate Bowry's termination as PERB had represented the scope of the hearings was limited to the suspensions.

¶32    With due deference to PERB's interpretation of the statute the agency operates under, the Court finds that PERB did not exceed its authority in informing Bowry she would not need to file separate appeals and instead consolidating the actions, particularly since each of OMB's actions vis-à-vis Bowry are predicated on each other and based on the same set of underlying facts. However, OMB was not given a chance to litigate the issue of termination due to PERB's representations. While OMB has not indicated what facts or arguments differentiate the termination from the suspensions that proceeded it, OMB still deserves a chance to litigate the issue before being subjected to a Decision and Order that binds it on the matter. The Court will therefore remand the case back to PERB with instructions to hold a hearing solely on the issue of termination. The Court will also vacate the February 18, 2021 Decision and Order from PERB.

¶33    Accordingly, it is hereby

      **ORDERED** that the PERB February 18, 2021 Decision and Order, *PERB-GSA-20-19T*, is hereby **VACATED**; and it is further

---

[57] As in, not contrived or fashioned *post hoc.*

**ORDERED** that this case is **REMANDED** to PERB for further proceedings consistent with this Memorandum Opinion and Order; and it is further

**ORDERED** that a copy of this Order shall be directed to counsel of record.

DATED: August 2 , 2021

DMF

_____
**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

By: _____
**DONNA D. DONOVAN**
Court Clerk Supervisor  8 / 2 / 2021