**FILED**
August 06, 2021
ST-2014-CV-00123
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

\*\*\*\*

| | | |
|---|---|---|
| **CLAUDETTE A. GEORGES,** | ) | **CASE NO. ST-2014-CV-00123** |
| | ) | |
| **Petitioner,** | ) | **PETITION FOR WRIT** |
| v. | ) | **OF REVIEW** |
| | ) | |
| **GOVERNMENT OF THE VIRGIN** | ) | |
| **ISLANDS, LAW ENFORCEMENT** | ) | |
| **PLANNING COMMISSION and THE** | ) | |
| **PUBLIC EMPLOYEES RELATIONS** | ) | |
| **BOARD,** | ) | |
| **Respondents.** | ) | |
| | ) | |

Cite as 2021 VI 84U

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

¶1      Before the Court is Claudette A. Georges (hereinafter "Georges") Petition for Writ of Review, which was filed on February 27, 2014. Georges requests this Court vacate the Public Employees Relations Board's (hereinafter "PERB") Decision and Order, issued on January 31, 2014, which dismissed, with prejudice, her challenge made pursuant to 3 V.I.C. § 531, to her termination by the Law Enforcement Planning Commission (hereinafter "LEPC"). The Court finds that PERB's findings were sufficiently supported by substantial evidence in the record. Therefore, PERB's January 31, 2014 Decision and Order will be affirmed.

### II. BACKGROUND AND PROCEDURAL HISTORY

¶2      On March 27, 2009, Georges was appointed to the position of Director of Financial Services Management with the LEPC. The record reflects that at the time of her appointment, Georges reported to the former Director of LEPC, Meridith Nielsen.[1] By letter dated December 15, 2009, "Director Nielsen outlined the duties and responsibilities of the Financial Department within LEPC."[2] According to PERB's findings of fact, on or about January 27, 2010, Georges was notified by Director Nielsen that her overall performance was unsatisfactory, and she was subsequently suspended on or about February 23, 2010.[3] Georges was notified by letter dated February 23, 2010 that her services at LEPC were suspended until further notice. The record also reflects that Director Nielsen "sent a letter dated February 24, 2010, to the employees at LEPC

---

[1] PERB's Decision and Order at 2.
[2] *Id.*
[3] *Id.* at 3.

advising them that [Georges was] relieved of her duties and responsibilities as the Director of Financial Services Management."[4]

¶3      On January 11, 2011, Victor Browne "began his employment with LEPC as the Director of the Agency."[5] Browne later learned that Georges was not doing anything because the former Director had relieved Georges of her duties. The record reflects that Director Browne "tried to get [Georges] back into the work force by giving her some reconciliation of sub-grantees to do; however [she] only completed one (1) file of the twenty (20) that w[ere] assigned to her."[6]

¶4      Georges testified that she was an elected member of the Government of the Virgin Islands, Elections System of the Virgin Islands, Joint Board, where she served as the Vice-Chairperson of the St. Thomas-St. John Board of Elections.[7] Pursuant to Act No. 7090, Georges asserted that she was entitled to administrative leave for time spent in attendance of official board meetings or functions as an employee of the Government and a public officer. During the hearing, the PERB received testimony that "the policy of the Agency is if any employee had to attend a meeting or any function the office should be notified prior to the actual meeting or function [...and] there were times when [Georges] was absent from the office and they would not know where she was until the next day."[8]

¶5      On April 24, 2012, Browne sent correspondence to Governor DeJongh requesting removal of Georges from the LEPC v citing her poor time and attendance record "...and her non-performance as to the fiscal operations" of the office.[9] The record also reflects that Georges sent an email to Director Browne on August 3, 2012, notifying him of several upcoming board activities that she would be attending and attached a letter "requesting leave without pay to run as a candidate for public office."[10]

¶6      On August 9, 2012, Director Browne sent an email to Georges "with an attachment, which was a letter dated July 30, 2012, from Governor de Jongh" informing Georges of her termination, effective immediately.[11] On August 16, 2012, Georges filed an appeal of discrimination to the PERB as it related to her termination. On August 20, 2012 the PERB issued a pre-hearing Order and the parties appeared before the PERB on December 13, 2012 to discuss compliance with said Order. The hearing for this matter was held on February 7, 2013 and February 25, 2013. The parties submitted closing arguments to the PERB by February 28, 2013. The PERB issued its decision on January 31, 2014, finding that Georges failed to demonstrate that she was discriminated against by LEPC "on the basis of political discrimination or affiliation, and non-merit factors of harassment and differential treatment."[12] Accordingly, the PERB dismissed Georges' appeal.

---

[4] *Id.* at 3.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.* at 4.
[9] *Id.* at 4.
[10] *Id.*
[11] *Id.* at 4-5.
[12] PERB's Decision and Order at 13.

¶7　　Georges filed a Writ of Review, *pro se*, appealing the PERB's decision with this Court on February 27, 2014. A Writ was granted and Georges subsequently filed a Reply to the Briefing Schedule on August 27, 2018, arguing that the PERB's Decision and Order should be overturned. On September 6, 2018, LEPC submitted Respondent's Memorandum of Points and Authorities in Support of Affirming the PERB's January 31, 2014 Order, asking this Court to affirm the PERB's Decision and Order. On September 10, 2018, PERB's Response to Petitioner's Brief was filed requesting this Court to uphold its January 31, 2014 Decision and Order.

## III. JURISDICTION

¶8　　The Superior Court has jurisdiction to hear appeals of final orders issued by the PERB pursuant to 3 V.I.C. § 530a. Section 530a(a) allows "[a]ny party aggrieved by any final order of the PERB issued under § 530 or § 531 of this chapter [to] appeal to the Superior Court of the Virgin Islands." The party seeking review must submit an application for review within thirty (30) days "after the date of the final order and name the PERB as a party respondent."[13] Failure to file an application for review in a timely manner will "entitle the prevailing party or PERB to summary judgment enforcing the final order of the PERB."[14] The appeal proceedings are procedurally governed by Superior Court Rule 15.[15]

¶9　　Georges has satisfied the time requirements by filing her Petition within the thirty (30) day limitation. Further, Georges satisfied the requirements set forth in Superior Court Rule 15 by reciting the PERB's decision in her Petition, explaining why its decision was in error. Therefore, § 530(a)'s jurisdictional requirements have been met, and this Court has proper jurisdiction to hear the matter at hand.

## IV. STANDARD OF REVIEW

¶10　　Title 3, § 530a of the Virgin Islands Code vests the Superior Court of the Virgin Islands with appellate authority over PERB decisions which are final orders so long as an application for review is filed within thirty (30) days.[16] Section 530(a) indicates that "the rules of procedure of the Superior Court regarding a writ of review shall govern the appeal proceedings."[17] "When hearing an appeal from the PERB, the Superior Court functions as an appellate court,"[18] and "in

---

[13] 3 V.I.C. § 530a(a).
[14] *Id.*
[15] *Id.*; Super. Ct. R. 15.
[16] 3 V.I.C. 530a(a) provides:
　　　Any party aggrieved by any final order of the PERB issued under section 530 or 531 of this
　　　chapter, may appeal to the Superior Court of the Virgin Islands. An application for review
　　　must be filed within 30 days after the date of the Final Order and name the PERB as a party
　　　respondent. The rules of procedure of the Superior Court regarding a writ of Review shall
　　　govern the appeal proceeding.
[17] § 530a(a).
[18] *V.I. Narcotics Strike Force v. Gov't of the V.I. Pub. Emples. Rel. Bd.,* 60 V.I. 204, 218 (V. I. 2013) (citing 3 V.I.C. §§ 530a(a)-(c) )

reviewing a final order of the PERB, the [Superior C]ourt may enforce the order, modify the order and enforce it, set the order aside, or return the matter to the PERB with instructions for further proceeding[s] ...."[19] When reviewing a final order issued by the PERB, this Court must accept the PERB's findings of fact if such findings are supported by substantial evidence in the record considered as a whole.[20] Substantial evidence is evidence that "a reasonable mind would accept as adequate to support the agency's conclusions."[21] A final order ends litigation on the merits.[22]

¶11    This Court reviews an agency's legal interpretations and conclusions *de novo*.[23] The Court may set aside an agency decision if it is arbitrary and capricious, but "[t]his does not mean that the Court may substitute its judgment for that of the agency, but that the agency action may be set aside only where it is not supported by any rational basis."[24] Additionally, the Court determines whether the agency acted within the scope of its statutory powers and whether its findings are supported by substantial evidence on the record.[25]

¶12    The Court recognizes that Georges is a *pro se* litigant. It is this Court's practice to "give *pro se* litigants greater leeway in dealing with matters of procedure and pleading."[26] "[W]hen a litigant chooses to represent himself, it is the duty of the ... court to insure fairness, allowing reasonable accommodations for the *pro se* litigant so long as no harm is done to an adverse party."[27] However, it is importantly noted that courts in the Virgin Islands will not typically "invoke [a] policy [of leniency for *pro se* litigants] to raise new... arguments *sua sponte* on behalf of a *pro se* litigant."[28] A pleading "filed *pro se* is to be liberally construed ... however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[29]

## V.  ANALYSIS

¶13    Georges challenges the validity and enforceability of the PERB's Decision and Order, arguing that the manner of her termination was not in accordance with the Government of the

---

[19] Id. (citing § 530a(c)).

[20] 3 V.I.C. § 530(b).

[21] *See Williams-Jackson v. Public Emps. Relations Bd.*, 52 V.I. 445, 450 (2009).

[22] *Prosser v. Public Servs. Comm'n of the U.S.V.I.*, 56 V.I. 391, 401 (V.I. 2012) (citing *Estate of George v. George*, 50 V.I. 268, 274 (V.I. 2008)) ("The September 14, 2010 order from the Superior Court was a final order, because it 'end[ed] the litigation on the merits . . . .'").

[23] *See Bryan v. Fawkes*, 61 V.I. 201, 226-27 (2014) (adopting a plenary standard of review rather than the *Chevron* standard for reviewing an agency's legal determinations).

[24] *Branch v. Bryan*, 18 V.I. 54, 59 (D.V.I. 1980) (citing *N.L.R.B. v. Jas. H. Matthews & Co. Industrial Mark. Prod. Div.*, 342 F.2d 129, 131 (3d Cir. 1980).

[25] *Angell v. Pub. Emp. Relations Bd.*, 73 V.I. 89, 91-92 (V.I. Super. Ct. 2010) (citing *Branch v. Bryan*, 18 V.I. 54, 56-57 (D.V.I. 1980)) ("In reviewing PERB's actions, this Court must determine: (1) whether the agency's findings are supported by substantial evidence on the record; (2) whether the agency has acted within the limits of its statutory powers; and (3) whether the agency has abused its discretion by acting in an arbitrary or capricious manner.").

[26] *Appleton v. Harrigan*, 61 V.I. 262, 267 (V.I. 2014)

[27] *Bernhardt v. Bernhardt*, 51 V.I. 341, 352 n.8 (V.I. 2009) (quoting *Bego v. Bego*, 350 S.E.2d 701, 703 (W.Va. 1986)

[28] *Marsh-Monsanto v. Clarenbach*, 66 V.I. 366, 376 (2017) (quoting *Fleming v. Cruz*, 62 V.I. 702, 722 (V.I. 2015))(quotation marks omitted).

[29] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations marks and citations omitted).

Virgin Islands' employee handbook and, therefore, is in violation of due process. She also asserts that she was terminated for politically discriminatory reasons. Finally, Georges urges this Court to consider the Department of Labor's reasoning in granting her unemployment benefits as it relates to whether she was terminated for a discriminatory purpose. This argument is based upon LEPC's failure to respond to the Department of Labor's request for documentation and information providing the basis for Georges' termination.[30]

¶14     In opposition to Georges' appeal, the PERB and LEPC both assert that the PERB's findings of fact in its Decision and Order  were supported by substantial evidence in the record considered as a whole to uphold its findings. Essentially, both entities argue that Georges 1) presents a meritless argument about her unemployment benefits justifying the wrongfulness of her termination; 2) that she was an "exempt employee" as the Director of Financial Services that did not warrant due process protections, and 3) failed to provide specific examples of alleged discrimination for this Court to consider the merits of her claim. The PERB's Decision and Order summarized that "[Georges] argues that she has been subjected to unfair labor practices, lack of due process and political discrimination by being terminated after she submitted leave to run for public office in the 2012 election cycle as a senatorial candidate."[31]

### a.  Political Discrimination

¶15     In support of her claim for political discrimination, Georges argues that she was terminated after she submitted a request for leave without pay to run for public office. To evidence her claim, Georges "submitted a copy of her email dated August 3, 2012, to Director Browne, with an attached request for leave without pay, beginning on August 10, 2012 to November 30, 2012, to run for public office."[32] Additionally, Georges "submitted a copy of Director Browne's email dated August 9, 2012, with a copy of the July 30, 2012 termination letter."[33]

¶16     In the hearing, LEPC stated that Georges "has no right to appeal her termination under Title 3 V.I.C. § 531 absent proof of discrimination" because she has failed to provide particular dates, times, or places of each alleged occurrence of discrimination.[34] LEPC further claimed that Georges "tried to argue that [political discrimination] can be inferred because Director Browne emailed a copy of the letter of termination one day before the commencement of [her] leave request to run for public office."[35] However, LEPC "contends that the Office of Collective Bargaining forwarded the termination letter to [Georges] via certified mail return receipt requested, but she never collected and signed for it," and the reason the letter was sent via email was "because [Georges] was never present in the office and [therefore, Director Browne] deemed email to be the only available option."[36] The record reflects that on or about January 27, 2010, "Director Nielsen

---

[30] Pet.'s Reply to the Briefing Schedule at 1.
[31] PERB's Decision and Order at 5.
[32] *Id.* at 10.
[33] *Id.*
[34] *Id.* at 6.
[35] *Id.*
[36] *Id.* at 7.

advised [Georges], in writing, that her overall performance was unsatisfactory and cited her lack of knowledge of the job she was hired to perform."[37]

¶17    Moreover, LEPC "argues that after the former director suspended [Georges'] services, the agency retained [her] in the position with full salary although she was not performing any duties."[38] In support, the agency contends that Georges "was not terminated for political reasons or motives, or any non-merit factor reasons, but she was terminated due to non-performance and in regard to her time and attendance."[39] Thereafter, on April 24, 2012, Director Browne sent correspondence to Governor deJongh requesting removal of Georges, citing to her poor record of time and attendance: "[t]he records show that for the period January 2011 to [April 24, 2012] she has been absent eighty (80) times and has been late one hundred and fifty nine (159) times."[40]

¶18    In addressing the political discrimination claim, PERB argues that it followed the three-prong standard of analysis as set forth by the Third Circuit in *Liburd v. Government of Virgin Islands*[41], and determined that the "record shows that [she] was unable to perform the requirements of her employment as outlined by her supervisors and that she failed to report to work."[42]

¶19    Title 3 V.I.C. § 531(b) provides that "[a]ny applicant or employee who has reason to believe that he has been discriminated against because of religious or political opinions or affiliations or race, age or sex or national origin in any personnel action may appeal to the Board."[43] To succeed on a discrimination claim based on political affiliation, a public employee must make a prima facie showing that "(1) that the employee works for a public employer in a position that does not require a political affiliation, (2) that the employee maintained a political affiliation, and (3) that the employee's political affiliation was a substantial or motivating factor in the adverse employment decision."[44] Once the plaintiff establishes a prima facie case, the defendant may "avoid a finding of liability by proving by a preponderance of the evidence that the same employment action would have been taken even in the absence of the protected activity."[45] "The third prong requires proof that the employer knew of the plaintiff's political affiliation and that the affiliation caused the adverse action."[46] "A public employee's claim of political discrimination must be based on more than speculation."[47]

---

[37] *Id.* at 3.
[38] *Id.* at 7.
[39] PERB's Decision and Order at 7.
[40] PERB Hearing on February 25, 2013 Joint Ex. 17.
[41] *Liburd v. Government of Virgin Islands*, 2013 WL 960780 (D. Virgin Islands, 2013).
[42] PERB's Response to Petitioner's Brief at 3.
[43] *Bridgewater v. Public Employees Relations Board*, 2016 WL 3554936, at *1 (V.I. Super., 2016).
[44] *McIntosh–Luis v. DeJongh*, 2012 WL 1139746, at *3 (D. Virgin Islands, 2012). *(citing Smith v. City of Allentown*, 589 F.3d 684, 692 (3d. Cir.2009) (*quoting Hill v. Borough of Kutztown*, 455 F.3d 225, 243 (3d Cir.2006)).
[45] *Id.* at 692–93.
[46] *McKeever v. Twp. of Washington*, No. 11–1093, 2012 WL 1023056, at *1 (3d Cir. Mar. 28, 2012).
[47] *Liburd v. Government of Virgin Islands*, 2013 WL 960780, at *6 (D. Virgin Islands, 2013) (citing *Liotta v. Borough of Springdale*, 985 F.2d 119, 122 (3d Cir. 1993)).

¶ 20    Throughout her filings and the PERB hearings, Georges repeatedly states that she felt unfairly treated. Georges claims that she was harassed and treated differently in comparison to other employees at LEPC without alleging any specific instances of discrimination. Whereas, the LEPC presented substantial evidence showing Georges' "failure to perform assigned task[s], excessive absenteeism and generally poor job performance."[48] "It is well-established that such subjective "feelings" and speculation are insufficient to support a first amendment political affiliation discrimination claim."[49] For example, in *McKeever v. Twp. of Washington,* the Third Circuit found that "mere speculation and conjecture cannot form the basis of an actional claim of political discrimination."[50] Additionally, in *McIntosh–Luis v. DeJongh,* the District Court of the Virgin Islands concluded that a Plaintiff's termination that occurred four months after the Plaintiff took public office was insufficient to sustain a First Amendment Claim because the Plaintiff failed to show "any evidence that Defendants even knew about her political activities."[51] Accordingly, "in the Third Circuit, mere speculation and conjecture cannot form the basis of an actional claim of political discrimination."[52]

¶21    In its Decision and Order, the PERB found that "in review of the record as a whole, [...Georges] has not demonstrated that she was terminated from her position because of her political affiliation."[53] The PERB reasoned that Georges "may have held a policy making position that required a political affiliation."[54] In its review, PERB applied the three prong test stated above to the facts as alleged by Georges and found "the most salient question [to be] whether or not [Georges'] political affiliation was a substantial or motivating factor in the adverse employment decision."[55] Ultimately, the PERB reasoned that LEPC, "by the preponderance of evidence, have sufficiently proven that the same employment action -termination- would have taken place even in the absence of [Georges'] political affiliation[,] and [t]herefore... [the] termination was not politically motivated."[56]

¶22    Having reviewed the parties' submissions and the record, the Court finds that the PERB provided substantial evidence to support its conclusion. The Court agrees with the PERB's analysis in that "Georges' would have been terminated regardless of her political affiliation- her termination

---

[48] PERB's Response to Petitioner's brief at 3.

[49] *Supra* n. 31; *See, e.g., Smith,* 589 F.3d at 684 (affirming grant of summary judgment where Plaintiff's evidence was based on speculation and subjective belief).

[50] *McKeever v. Twp. of Washington,* Civ. No. 09–1175, 2011 WL 53178, at * (D.N.J. Jan. 7, 2011) (*citing Contini v. Cranmer,* 117 Fed. App'x 186, 190 (3d Cir.2004)), aff 'd, 2012 WL 1023056 (3d Cir. Mar. 28, 2012).

[51] *Supra* n. 31 *(referencing Laskaris v. Thornburgh,* 733 F.2d 260, 266 (3d Cir.1984) (plaintiff alleging wrongful discharge for political reasons cannot sustain her burden of proof without evidence that the employer knew of her political affiliation).

[52] *Id.* (*citing Contini v. Cranmer,* 117 Fed. App'x 186, 190 (3d Cir.2004)), aff 'd, 2012 WL 1023056 (3d Cir. Mar. 28, 2012).

[53] PERB's Decision and Order at 10.

[54] *Id.*

[55] *Id.* at 11.

[56] *Id.*

was not politically motivated."[57] Therefore, the Court will affirm the PERB's Decision and Order as it pertains to George's claim of political discrimination.

### b. Due Process

¶23     In her Petition, Georges contends that "under the labor laws that governs the United States and its territories, an employee cannot receive unemployment benefits if the employer is justified in terminating an employee from the job."[58] She claims that she "received employment benefits because LEPC failed to justify their actions[;]" thus, entitling her to relief.

¶24     LEPC "argues that [Georges] was an exempt employee and was at will; therefore she could be discharged at will by the Governor."[59] LEPC also contends that Georges' argument regarding unemployment benefits "does not go to the validity of the PERB's order but rather seems to imply that because the LEPC failed to submit any documentation regarding the reason for her termination to the [Department of Labor], it means that there was no justification for her termination."[60] Rather, LEPC sets forth that the Department of Labor's determination "as it relates to Georges' eligibility for unemployment benefits bears no weight on whether or not she was terminated for a discriminatory purpose as alleged by a [section] 531 filing before PERB."[61]

¶25     In response to Georges' due process appeal, LEPC asserts that "the record and the testimony of Georges supports the PERB's determination that she was an exempt employee ... [and] [a]s an exempt employee, she did not have a property interest in her continued employment."[62] Furthermore, in its response to Georges' brief, the PERB claims that "the matter before the [Department of Labor] did not impact the PERB decision."[63] In fact, it alleges that "[t]he PERB convened to determine whether the LEPC had discriminated against her and not whether the [Department of Labor's] decision had a bearing."[64]

¶26     In evaluating Due Process claims in the context of public employees of the Virgin Islands, "a plaintiff must demonstrate that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law."[65] "[W]hether an employee has a property right in continued employment is a question of state [or territorial] law."[66]

---

[57] Respondent's Memorandum of Points and Authorities in Support of Affirming the PERB's January 31, 2014 Order at 4 (*referencing* PERB's Decision and Order) at 1.

[58] Appellant's Reply to the Briefing Schedule

[59] PERB's Decision and Order at 6.

[60] Respondent's Memorandum of Points and Authorities in Support of Affirming the PERB's January 31, 2014 Order at 3.

[61] *Id.* at 4.

[62] *Id.*

[63] *Id.* at 3.

[64] PERB's Response to Petitioner's Brief at 3.

[65] *Iles v. DeJongh,* 638 F.3d 169, 173 (3d Cir.2011).

[66] *Supra* n. 31 (citing *Iles v. DeJongh,* 638 F.3d 169, 173 (3d Cir.2011) (citations omitted).

*Georges v. Government of the Virgin Islands et al.*
Case No. ST-2014-CV-00123
Memorandum Opinion and Order
Page 9 of 12

2021 VI 84U

¶27    The Court of Appeals for the Third Circuit in *Iles v. DeJongh* outlined the relevant Virgin Islands law governing public employment.[67]

> The employee classifications contained in the relevant statutory provisions are important because they determine which employees are entitled to due process protection before termination. As the Court of Appeals explained, under Virgin Islands law, public employees are divided into (1) career service and (2) exempt service employees. As set forth in 3 V.I.C. § 451a, an employee is in the career service unless the employee holds an exempt position as described in 3 V.I.C. § 451a(b)(1)-(8).[68]

¶28    In the instant matter, the PERB's Decision and Order notes that the record reveals that Georges was not hired as a regular classified government employee:

> Under the Virgin Islands Personnel Merit System in Title 3 of the Virgin Islands Code, Chapter 25, there are three categories of public employees – (1) exempt services, (2) "regular" classified or career services, and (3) "not regular" career services. Only "regular" career service employees enjoy due process protection, and "regular" government employees have a property right in continued employment and cannot be fired without cause.[69]

The PERB also indicates that Georges "did not go through the process of becoming a 'regular' classified employee, nor did [she] submit any additional information that would prove that she is a 'regular' classified employee."[70]

¶29    The record reveals Georges was not hired as a regularly classified employee but, rather, appointed by Governor DeJongh to the position of Director of Financial Services Management at LEPC. Accordingly, Georges does not have a property interest in continued employment and, therefore, is not entitled to due process protections under these circumstances.

### c. Unfair Labor Practices and Harassment

¶30    In addition to her claim for political discrimination, Georges argues that she "faced harassment at LEPC and that she was treated differently when compared to other employees in the office, as another form of discrimination."[71] Georges also argued that "the work environment at LEPC was unprofessional and uncomfortable, and that she was treated differently from other employees."[72] Furthermore, Georges claimed that "Director Browne interfered and made it

---

[67] *Supra* n. 43 at 173-74.
[68] *Supra* n. 31
[69] *Id.* at 11 (*citing supra* n. 31 at *4).
[70] PERB's Decision and Order at 12.
[71] *Id.*
[72] PERB's Decision and Order at 5.

difficult for her to carry out her duties and responsibilities as a member of the Board of Elections."[73]

¶31    Similar to its political discrimination response, LEPC asserts that nothing was entered into evidence that supports overturning PERB's decision as it pertains to the harassment decision: "Georges failed to … state the date, time, and place of the alleged discrimination" as is required by PERB's Rules and Regulations.[74]

¶32    The PERB responds to Georges' brief by claiming that it rendered a decision after reviewing the facts presented and the arguments raised and concluded that Georges did not produce enough evidence to demonstrate her claims: "[t]he only information elicited or required from the [Georges] was whether she was capable of performing the duties and responsibilities of her employment…[and] [t]he LEPC demonstrated…[that she] did not."[75]

¶33    The Court finds that PERB sufficiently considered evidence in the record to determine whether Georges presented substantial evidence for a finding of harassment or disparaging treatment. In its Decision and Order, PERB considered Georges' claims that LEPC "harassed her by interfering with her duties as an elected member of the Board of Elections" and whether requesting information regarding her attendance at Board functions and activities amounted to harassment.  The PERB provided a standard for claims of harassment in its Decision and Order: "[i]n accordance with PERB Rules and Regulations, a notice of appeal in regards to a claim of discrimination must state with particularity the date, time and place of each alleged occurrence which forms the basis of the discrimination claim, or if the alleged discrimination has been continuous in nature, then a statement to that effect."[76] In reaching its decision to dismiss the matter, PERB "reviewed the record specifically as to these allegations, and cannot find evidence in support of [Georges'] claims of being treated differently as compared to the other employees within LEPC."[77] Likewise, PERB "[could not] find evidence in support of her claims of harassment."[78] PERB concluded that "in order for [Georges'] to succeed on a claim of discrimination, she is required to establish a prima facie case of discrimination" and in this matter she failed to do so.[79]

¶34    The record reflects that LEPC "stated its policy is that any employee who has to attend a meeting or function should notify the office prior to the actual meeting or function."[80] PERB found that LEPC's reason for requesting information pertaining to Georges' attendance at board functions did not amount to harassment or discrimination because LEPC requested said

---

[73] *Id.* at 6.

[74] Respondent's Memorandum of Points and Authorities in Support of Affirming the PERB's January 31, 2014 Order at 5.

[75] PERB's Response to Petitioner's Brief at 3.

[76] PERB's Decision and Order at 12.

[77] *Id.* at 13.

[78] *Id.*

[79] *Id.*

[80] *Id.* at 13.

*Georges v. Government of the Virgin Islands et al.*
Case No. ST-2014-CV-00123
Memorandum Opinion and Order
Page 11 of 12

2021 VI 84U

information "for purposes of granting administrative leave."[81] Accordingly, the Court finds the PERB's decision and reasoning as it pertains to Georges' claim for harassment was sufficient to support its conclusion.

## IV. CONCLUSION

¶35    In reviewing the record as a whole, this Court will affirm the PERB's January 31, 2014 Decision and Order. The Court finds that the PERB's findings of fact are supported by substantial evidence in the record and adequate to support the Agency's conclusion. In her appeal, Georges failed to provide particular dates, times, and/or places of the alleged occurrences of discrimination for this Court to consider the merits of her claim. Moreover, the Court agrees with the PERB and LEPC in that Georges' claim regarding the receipt of unemployment benefits as it relates to the alleged wrongfulness of her termination does not warrant overturning the PERB's Decision and Order.

¶36    Additionally, this Court agrees that the record reveals Georges was not hired as a regularly classified employee but, rather, appointed by the Governor to the position of Director of Financial Services Management at LEPC and, therefore, is exempt from due process protections under these circumstances. Accordingly, Georges does not have a property interest in continued employment and, therefore, may be terminated without cause. In this case, the PERB determined that Georges was terminated due to non-performance and her poor time and attendance record.

¶37    Lastly, the Court finds that the PERB's Decision and Order, as it pertains to the harassment decision, provided reasoning sufficient to support its conclusion. Substantial evidence on the record reflects that "Georges failed to ... state the date, time and place of the alleged discrimination" as is required by PERB's Rules and Regulations.[82] The PERB "found by a preponderance of the evidence that the LEPC proved that the termination would have taken place in the absence of [Georges] political affiliation."[83] Therefore, the Court will affirm the PERB's January 31, 2014 Decision and Order.

Accordingly, it is hereby

**ORDERED** that the January 31, 2014 Decision and Order issued by the Public Employees Relations Board *In the Matter of Claudette A. Georges v. Government of the Virgin Islands, Law Enforcement Planning Commission*, PERB-GSA-12-46T (§ 531) is **AFFIRMED**; and it is further

**ORDERED** that the Clerk of the Court is directed to **CLOSE** this matter; and it is further

---

[81] *Id.*

[82] Respondent's Memorandum of Points and Authorities in Support of Affirming the PERB's January 31, 2014 Order at 5.

[83] PERB's Response to Petitioner's Brief at 4.

*Georges v. Government of the Virgin Islands et al.*
Case No. ST-2014-CV-00123
**Memorandum Opinion and Order**
**Page 12 of 12**

2021 VI 84U

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record and mailed to Petitioner Claudette A. Georges at P. O. Box 10316, St. Thomas, VI 00803.

DATED: 8/6/21

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

ATTEST:

**TAMARA CHARLES**
Clerk of the Court

BY:

**DONNA B. DONOVAN**
Court Clerk Supervisor    8 / 9 / 2021